# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

GLENDA M. TAYLOR,
          Appellant,

     v.

OFFICE OF PERSONNEL
     MANAGEMENT,
          Agency,

     and

GERALD L. HIGGS, JR.,
          Intervenor.

DOCKET NUMBER
AT-0841-16-0788-I-1

DATE: June 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenda M. Taylor, Jacksonville, Florida, pro se.

Alison Pastor, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her the decedent's Federal Employees' Retirement System (FERS) lump-sum death benefits. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2      The decedent was a Federal employee enrolled in FERS before her death in August 2015. Initial Appeal File (IAF), Tab 4 at 26, 28. According to the designation of beneficiary form that OPM received prior to her death, the decedent designated one person to receive 100% of her lump-sum death benefits and cancelled all prior designations. IAF, Tab 11 at 4. The designation form also contained signatures from two witnesses certifying that the decedent had signed it in their presence. *Id.*

¶3      After the decedent's death and upon application by the designee, OPM issued a lump-sum payment of the decedent's death benefits to the designee on

October 16, 2015. IAF, Tab 4 at 19-24. The appellant, the decedent's sister, also applied to OPM for those benefits. *Id.* at 13-18. In a July 26, 2016 reconsideration letter, OPM denied the appellant's application based on the decedent's designation of a different beneficiary. *Id.* at 6-7.

¶4    The appellant filed this appeal challenging OPM's reconsideration decision, asserting that she and her brother were the rightful beneficiaries. IAF, Tab 1 at 3, 5. She claimed that the designee fraudulently obtained those benefits. *Id.* She further claimed that those she spoke with at OPM and "other government entities" identified her and her brother as the beneficiaries of the decedent's benefits; however, she did not produce a designation form indicating as such. *Id.* at 3. The decedent's brother later joined the appeal as an intervenor.[2] IAF, Tab 9 at 1.

¶5    The administrative judge identified the only issue on appeal as the authenticity of the designation form, notified the appellant and the intervenor of their burden of proof on that issue, and held the appellant's requested hearing.[3] IAF, Tab 1 at 2, Tab 9 at 2, Tab 16, Initial Decision (ID) at 2. In her testimony, the appellant argued that to her, the designation form appeared to be "cut and sliced" together; that the address listed for the decedent on the form was in Buffalo, New York, where she had not lived for several years; and that the decedent had been discharged from the hospital and "basically was dying when she signed" the designation form. IAF, Tab 11 at 4, Tab 15, Hearing Compact Disc (HCD) at 3:30-3:50, 5:40-6:00, 8:00-8:40 (testimony of the appellant); ID at 2-3. The intervenor testified that between November and December 2016, one of the purported witnesses to the signing told him via Facebook Instant

---

[2] The administrative judge notified the designated beneficiary that she had a right to participate in the appeal as an intervenor, IAF, Tab 5, but she did not respond to the notice or file a request to intervene in this matter.

[3] The administrative judge held two telephonic hearings in this matter. ID at 2 n.1. The first telephonic hearing was held on November 22, 2016. The recording from that hearing was either destroyed or not preserved due to a technical malfunction. *Id.* A second telephonic hearing was held on March 23, 2017. *Id.* Any reference to the hearing in this order refers to the March 23, 2017 hearing. *Id.*

Messenger that she had not signed the form and that the address listed for her was not her home address.  HCD at 17:10-17:45, 22:40-24:00 (testimony of the intervenor); ID at 3.  The intervenor further testified that he had sent another message to the witness prior to the hearing, but had not received a response.  HCD at 24:00-24:35 (testimony of the intervenor); ID at 3.  He did not produce the written conversations because, according to him, he needed a subpoena to obtain those messages.  HCD at 19:25-20:00 (testimony of the intervenor).  He also testified that the decedent's ex-husband told him that, in his opinion, the decedent's signature on the designation form was forged.  *Id.* at 10:50-11:15.

¶6        The administrative judge found the proffered evidence insufficient to establish that the designation form was inauthentic, and thereby agreed with OPM that it was required to pay the lump-sum death benefits to the designated beneficiary.  ID at 4.  She concluded that the designation form did not appear to be altered, as alleged by the appellant.  *Id.*  She also found that the intervenor's testimony as to what the witness said was hearsay and evaluated the probative value of that evidence under the standards set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981).  ID at 4.  She found that the hearsay evidence was not sufficient to prove that the designation form was inauthentic because it was unsworn.  *Id.*  Accordingly, she found that the appellant and the intervenor did not meet their burden of proving by preponderant evidence entitlement to any portion of the benefits sought.  *Id.*

¶7        The appellant has filed a brief petition for review, in which she does not challenge the administrative judge's findings, raise any arguments, or present any evidence, despite stating that she has "more to add to the case."  Petition for Review (PFR) File, Tab 1 at 2.  The agency has submitted a response.  PFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶8 Under 5 U.S.C. § 8424(d), if an employee dies and is not survived by an individual entitled to a FERS annuity benefit, lump-sum death benefits must be issued in order of precedence, first to the beneficiary designated by the employee in a signed and witnessed writing received by OPM before the employee's death. 5 U.S.C. §§ 8401(28), 8424(d); 5 C.F.R. §§ 843.203(a), 843.205. The appellant has identified no error in the administrative judge's findings that the appellant failed to prove that the designation form was not authentic and that OPM was required to pay out the death benefits as designated. ID at 4. Specifically, the appellant provided no evidence in support of her contention that the designation form had been cut and pasted together. IAF, Tab 11 at 4. Moreover, even crediting her claim that the decedent had not lived in Buffalo, New York, for a number of years, this fact alone does not cast doubt on the authenticity of the designation form. FERS provisions do not require the decedent to list her home address as the return address on the designation form. *See generally* 5 U.S.C. § 8424(d) (explaining that a designation must be signed and witnessed, and received by OPM prior to the employee's death); 5 C.F.R. § 843.205 (setting forth these and other requirements for the designation). The decedent's signature on the form appears to be consistent with her signature on other documents contained in the record. IAF, Tab 4 at 10, Tab 11 at 4; *see Starr v. U.S. Postal Service*, 80 M.S.P.R. 59, ¶ 6 (1998) (explaining that identification of handwriting is to be determined by the trier of fact, concluding that two signatures were inconsistent with each other, and therefore finding that they were not signed by the same person).

¶9 The administrative judge did not address the appellant's testimony that the decedent was terminally ill when she signed the form. HCD at 8:10-8:37 (testimony of the appellant). Nonetheless, we have considered this testimony and find no reason to disturb the initial decision. While the appellant appears to suggest that the decedent's medical condition when she designated her

beneficiary would have rendered her incompetent, she neither alleged nor presented any evidence that the decedent lacked the requisite capacity to make a valid election. *See Stubblefield v. Office of Personnel Management*, 60 M.S.P.R. 455, 459 (1994) (explaining that an individual is presumed to be competent when making an annuity election, absent contrary evidence); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶10        As for the intervenor's testimony that a purported witness to the designation of beneficiary denied signing the form, it is hearsay because it is an out-of-court statement that the intervenor offered as proof of the matter asserted—that the designation form was inauthentic.[4]  *See Taylor v. U.S. Postal Service*, 75 M.S.P.R. 322, 325 (1997) (citing the definition of hearsay set forth in Fed. R. Evid. 801(c)).  Hearsay is admissible in Board proceedings and may be accepted as preponderant evidence even without corroboration; however, it "must be evaluated on a case-by-case basis to determine if [it] is inherently truthful and more credible than the evidence offered against it." *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶¶ 26-27 (2010) (quoting *Sanders v. U.S. Postal Service*, 801 F.2d 1328, 1331 (Fed. Cir. 1986)), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011).  As properly identified by the administrative judge, the Board evaluates the probative value of hearsay evidence under the factors identified in *Borninkhof*, 5 M.S.P.R. at 87, including such factors as the availability of persons with firsthand knowledge to testify at the hearing, whether the out-of-court statements were sworn, whether the declarants were disinterested, the consistency of the out-of-court statements with other statements and evidence, whether there

---

[4] The administrative judge did not make an express finding as to the intervenor's credibility and whether he testified accurately to the substance of the conversation between him and the witness.  ID at 2-3.  However, we assume for the purposes of our analysis that the administrative judge implicitly found the intervenor to be credible.

is corroboration or contradiction in the record, and the credibility of the declarant. *Id.*

¶11      We agree with the administrative judge's finding that the hearsay evidence was not sufficiently probative. ID at 3-4. Weighing in the intervenor's favor is the fact that the witness was seemingly disinterested because she was not a beneficiary. IAF, Tab 11 at 4; *see Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 14 (2016) (assigning significant probative value to the hearsay evidence, a local police report, in part because of the drafter's lack of interest in the matter). However, we decline to disturb the administrative judge's finding that this lack of interest was outweighed by other factors. ID at 4. The statement was unsworn; the intervenor presented no evidence corroborating his claim that the witness did not sign the form; he presented no evidence of the witness's credibility; the witness also signed the decedent's will a few days before signing the designation, undermining her alleged statement that she did not sign the designation of beneficiary; and although the intervenor testified that he was unable to reconnect with the witness, there is no indication that the witness was unavailable to testify or that the intervenor made a sufficient effort to obtain a signed statement, such as by subpoenaing the witness.[5] IAF, Tab 4 at 11, Tab 11 at 4; HCD at 11:55-13:20, 22:45-24:40 (testimony of the intervenor); *see Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 13 (2011) (finding that the absence of corroborating evidence and the lack of evidence indicating that the declarants were unavailable to testify at the hearing or that the appellant had attempted, but was unable, to obtain sworn statements weighed against assigning

---

[5]   The intervenor also believed that the designation form was forged because the witnesses were listed as having the same address, even though they do not live together. HCD at 11:55-13:20 (testimony of the intervenor). The relevancy of their living situation is unclear because the address listed for both witnesses seems to be a business address for a Department of Veterans Affairs facility, not their home addresses. IAF, Tab 11 at 4; *see* U.S. Department of Veterans Affairs, *Veterans Health Administration Office of Community Care, Denver, Colorado* https://www.va.gov/directory/guide/facility.asp?id=2015 (last visited June 5, 2023).

significant probative weight to the declarants' unsworn statements); *Krbec v. Department of Transportation*, 21 M.S.P.R. 239, 242 (1984) (observing that an agency's failure to subpoena witnesses with firsthand knowledge weighed against assigning significant probative value to the hearsay evidence), *aff'd*, 770 F.2d 180 (Fed. Cir. 1985) (Table). Therefore, we agree with the administrative judge's finding that this hearsay evidence is not sufficiently reliable or trustworthy to be afforded significant probative value.

¶12 Accordingly, we find that the administrative judge properly determined that the designation form on file with OPM was authentic and that OPM was required to pay the entirety of the decedent's FERS death benefits to the designee as provided therein. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 424, 434 (1990) (finding that OPM may only distribute funds from the Civil Service Retirement and Disability Fund as permitted by Congress, regardless of equitable considerations). We therefore deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.